# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TREMAINE N. TIMOTHY,

    Petitioner,

          v.

DAVID J. EBBERT,

    Respondent.

NO. 3:18-CV-0051

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before me is Petitioner Tremaine N. Timothy's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and Petitioner's Motion for Order of Release (Doc. 12). For the reasons below, the Petition will be stayed pending the Supreme Court's decision in *United States v. Davis*,— S. Ct. —, 2019 WL 98544 (2019) (mem.) and the Motion for Order of Release will be denied.

## I. Background

On January 6, 2004, a jury convicted Petitioner of possession with intent to distribute cocaine base and possession with intent to distribute five (5) grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) as well as two counts of being in possession of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. §§ 924(c)(1)(A), (c)(1)(C). Petitioner's initial sentence of 420 months of imprisonment was amended on February 13, 2006 due to a clerical mistake. (*See* Doc. 9, Ex. 2). Petitioner's convictions and sentence were upheld on direct appeal even though the Eleventh Circuit noted that a non-prejudicial *Booker* error occurred in Petitioner's sentence. *See United States v. Timothy*, 151 F. App'x 741 (11th Cir. 2005). Petitioner has since challenged his convictions and sentence in a 28 U.S.C. § 2255 motion to vacate filed on January 23, 2007 and a second § 2255 motion to vacate filed on October 31, 2011, both of which were denied. (*See* Doc. 9, Exs. 5, 6 *generally*). In addition, Petitioner filed a petition for error coram norbis on August 1, 2017

challenging his § 924(c) conviction, which was also denied. (*See* Doc. 9, Exs. 7-9). On January 8, 2018, Petitioner filed the instant § 2241 Petition challenging his § 924(c) conviction and sentence. (Doc. 1). Petitioner filed the instant Motion for Order of Release on May 8, 2018 requesting he be released from custody pending a determination on his § 2241 Petition. (Doc. 12).

## II. Discussion

### A. § 2241 Petition

"[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under [28 U.S.C. § 2255]." *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017). Yet, "to this limitation, Congress also provided a saving clause: a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" *Id.* (citations omitted); *see also* 28 U.S.C. § 2255(3). Only when a federal prisoner is "in the unusual situation where an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review, he may seek another round of post-conviction review under § 2241." *Id.* at 179 (citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)).

Petitioner challenges his § 924(c) conviction and sentence, alleging actual innocence on the basis of having been convicted of conduct that does not constitute a criminal offense. (*See* Doc. 1 at 3). On January 4, 2019, the Supreme Court granted the petition for a writ of certiorari in *United States v. Davis* to address whether § 924(c)'s residual clause, specifically, the term "crime of violence," is unconstitutionally vague. *See United States v. Davis*, 903 F.3d 483, 486 (5th Cir. 2018), *cert. granted*,— S. Ct. —, 2019 WL 98544 (2019) (mem.). Due to the nature of Petitioner's claim, decision on the Petition will be stayed pending the Court's decision in *Davis*.

### B. Motion for Order of Release

A petitioner requesting bail pending disposition of a habeas petition must "(1)

make out a clear case for habeas relief on the law and facts" and "(2) establish that exceptional circumstances exist warranting special treatment[.]" *Lucas v. Hadden*, 790 F.3d 365, 367 (3d Cir. 1986). When a habeas petition is pending in a district court, bail is appropriate "only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992) (citations omitted); *see also Vega v. United States*, 514 F. Supp. 2d 767, 769-70 (noting the Third Circuit in *Landano* recognized this as the standard for bail when petitioner's habeas petition is pending in district court).

Petitioner argues he is entitled to habeas relief based on the government's alleged failure to prove the "in furtherance of" element of a § 924(c) offense at trial. (Doc. 10 at 8). Petitioner asserts the trial court's allegedly erroneous jury instructions constitute new, exculpatory evidence to support his actual innocence claim. (Doc. 10 at 16). However, when Petitioner presented this same actual innocence claim in his application to file a successive § 2255 motion, the Eleventh Circuit noted the claim "does not rely upon a new rule of constitutional law or newly discovered evidence" and concluded Petitioner failed to make a *prima facie* showing on the claim. (Doc. 9, Ex. 9 at 3). Further, without a decision in his favor by the Supreme Court in *Davis*, Petitioner has little or no chance of success on his constitutional claims because he would be unable to satisfy the requirement that his § 2241 Petition is based on "a change in statutory case law[.]" *Bruce*, 868 F.3d at 180 (citing *Dorsainvil*, 119 F.3d at 252).

Even if Petitioner had a high probability of success on his constitutional claim, it is unlikely bail may be granted solely on this basis. *See Lucas*, 790 F.2d at 367 ("We doubt that is appropriate to grant bail prior to ruling on a [] habeas petition solely on the ground that there is a high likelihood of success on the merits. . . ."). Indeed, Petitioner failed to demonstrate the existence of extraordinary circumstances to warrant granting bail. The only extraordinary circumstance Petitioner raises is his continued

3

incarceration, which he claims is extraordinary based on his purported innocence. (Doc. 12 at 3-4). This does not constitute an extraordinary circumstance supporting bail. *See Landano*, 970 F.2d at 1239 ("Very few cases have presented extraordinary circumstances, and those that have seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence."); *Lucas*, 790 F.2d at 367 (determining grave illness requiring hospitalization constitutes an extraordinary circumstance). Accordingly, because Petitioner is unable to demonstrate a both a high probability of success on the merits and the existence of extraordinary circumstances, his Motion for Release will be denied.

### III. Conclusion

For the above stated reasons, the § 2241 Petition will be stayed pending a decision by the Supreme Court on *United States v. Davis* and Petitioner's Motion for Release will be denied.

An appropriate order follows.

January 17, 2019　　　　　　　　　　　　　　/s/ A. Richard Caputo
Date　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　　United States District Judge